UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Case No. 04-CV-4702

Neil Belsky,

                Plaintiff,

vs.                                   **FIRST AMENDED COMPLAINT**

World Wide Parts and Accessories
Corporation, d/b/a WORLDPAC,              <u>JURY TRIAL DEMANDED</u>
a Delaware Corporation,

                Defendant.

Plaintiff, Neil Belsky, for his First Amended Complaint against Defendant, states and alleges as follows:

## I. INTRODUCTION

1. This is an action for violations of Minnesota authorizing drug testing and for age discrimination, where Defendant World Wide Parts and Accessories Corporation offered Plaintiff Neil Belsky a job contingent upon passing a drug test, but then refused to hire him after he passed the drug test.

## II. THE PARTIES

2. Plaintiff Neil Belsky is a 49 year old male. He is currently a resident of Wisconsin.

3. Defendant World Wide Parts and Accessories Corporation, d/b/a "WORLDPAC," is a Delaware Corporation with its headquarters and principal place of business in California. It has business operations in Ramsey County Minnesota. Defendant's registered agent in Minnesota is located in Minneapolis, Hennepin County. Incidents giving rise to this

action also occurred in Minneapolis, Minnesota.

### III.  FACTUAL BACKGROUND

4.  Plaintiff Neil Belsky applied for a job with Defendant as a warehouse driver on or about March 24, 2004. At the time, Defendant had recently opened a branch for its operations in New Brighton, Minnesota, and was seeking applications for employment. Mr. Belsky filled out an application at a Sheraton Hotel in Minneapolis, where Defendant was conducting interviews for applicants. Mr. Belsky was given an interview by an agent of Defendant the same day he filled out the application. He was offered a job immediately, and given oral and written instructions to take a drug test that day. Mr. Belsky was provided with documents that stated it was Defendant's policy to administer a drug test after a job offer has been made, and that the offer of employment is contingent on passing a drug test.

5.  Mr. Belsky took the drug test the same day that he was interviewed and offered a job. Mr. Belsky passed the drug test. Upon finding out two days later that he passed the test, Mr. Belsky immediately contacted Defendant to get instructions on starting his job. He could not obtain an answer that day. Mr. Belsky called Defendant again the next business day, and was told Defendant did not need him. Mr. Belsky complained to the corporate office in California about Defendant reneging on its job offer. Defendant did not respond to Mr. Belsky for a substantial period of time, but eventually made clear it was not hiring him.

6.  As a result of Defendant's wrongful acts against Mr. Belsky, Mr. Belsky has suffered extensive damages, including but not limited to loss of income and other job-related benefits, emotional distress, humiliation and embarrassment, thereby resulting in damages in excess of $50,000.

### IV.  CAUSES OF ACTION

7. Plaintiff hereby realleges and incorporates by reference all allegations contained within Paragraphs 1 to 6 of this Complaint.

8. **VIOLATION OF STATUTES GOVERNING DRUG TESTING.** Minnesota Statute § 182.951, subd. 2 provides that "an employer may only request or require a job applicant to undergo drug and alcohol testing provided a job offer has been made to the applicant."   A job offer can only be withdrawn if the employee fails the testing pursuant to the procedures set forth in the statutes.  Defendant has violated this statute by requesting Mr. Belsky to undergo drug testing based on a false job offer, and failing to hire Mr. Belsky even though he passed the test.

9. Minnesota Statute § 181.951, subd. 1 further prohibits an employer from requiring "an employee or job applicant to under drug and alcohol testing on an arbitrary and capricious basis." Defendant's requesting of Mr. Belsky to undergo drug testing without hiring him was arbitrary and capricious.

10. Defendant is liable in this action for damages pursuant to § 181.956, subd. 2. Mr. Belsky has suffered the damages described in Paragraph 6 of this Complaint.

11. **DISCRIMINATION - Minnesota Human Rights Act and Federal Age Discrimination in Employment.** Plaintiff and Defendant is an employer within the definitions provided in Minn. Stat. § 363A.03. Defendant, by its above-described actions, through its agents, discriminated against Plaintiff because of his age, by refusing to hire him in violation of § 363.03A.08, subd. 2.  Said discriminatory actions further violated 29 U.S.C. § 621 et seq.

Plaintiff timely filed a charge of discrimination with the EEOC for the ADEA violation, and obtained a Notice of Right to Sue on November 17, 2004. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the damages described in Paragraph 6 of this Complaint.

12. **BREACH OF CONTRACT**. Defendant, by its above-described actions, entered into an enforceable contract with Mr. Belsky to hire him in exchange for taking a drug test. Defendant breached that contract by failing to hire Mr. Belsky. As a direct and proximate result of Defendant's actions, Plaintiff has suffered the damages described in Paragraph 11 of this Complaint.

### VI.  RELIEF REQUESTED

WHEREFORE, Plaintiff prays that the Court grant judgment in his favor for the following:

1. Award compensatory damages for loss of income and other job-related benefits, emotional distress, and embarrassment and humiliation, other actual, special, and compensatory damages in excess of $50,000.

2. Treble damages for all actual and compensatory damages awarded pursuant to the causes of action for race discrimination, as allowed by Minnesota Statutes Chapter. 363A.

3. Prejudgment interest at the legal rate on all sums awarded.

4. Plaintiff's reasonable attorneys' fees pursuant to Minn. Stat. § 181.954, subd. 181.956, subd. 2, and Minn. Stat. Ch. 363, and 29 U.S.C. § 626(b).

5. Plaintiff's costs and disbursements herein.

6. For such other and further relief as the Court may deem just and proper.

Dated: November 18, 2004

          LAW OFFICE OF JORDAN S. KUSHNER

          By s/Jordan S. Kushner
          Jordan S. Kushner, ID 219307
          Attorney for Plaintiff
          Sexton Building -- Suite 636
          529 South 7th Street
          Minneapolis, Minnesota  55415
          (612) 288-0545